UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 25-02020-KS                                              Date: June 27, 2025

Title      *Silvia Patricia Hercules v. Costco Wholesale Corporation, et al.*

Present: The Honorable: Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND WITHOUT PREJUDICE [DKT. NO. 5]**

INTRODUCTION

Before the Court is Plaintiff Silvia Patricia Hercules's ("Plaintiff's") Notice of Motion and Motion to Remand Case to State Court, filed on April 3, 2025 ("Motion"). (Dkt. No. 5.) The Motion is premised on the erroneous assumption that a new defendant has been added to this action that defeats diversity jurisdiction.

However, no new defendant has been added to the pending matter and diversity of citizenship is present between the existing parties. Plaintiff Hercules is a California resident and Defendant Costco Wholesale Corporation ("Costco") is a Washington corporation. Additionally, Defendant has adequately established that the minimum threshold amount in controversy is satisfied for diversity jurisdiction. Therefore, as outlined below, the requirements for diversity jurisdiction have been satisfied and Plaintiff's Motion is DENIED without prejudice to Plaintiff filing a proper joinder motion to add the additional defendant.

BACKGROUND

A. State Court Proceedings

On April 13, 2022, Plaintiff filed a complaint in the Superior Court of California for the County of Los Angeles against Defendants Costco, Joanna Diaz, and 50 Doe defendants. (Dkt. No. 1-2 at 4-6.) Plaintiff alleged that she slipped and fell on an unknown substance in the food court of the Costco store located at 3560 West Century Boulevard in Inglewood, California. (*Id.* at 7.) Based on the incident, Plaintiff alleged causes of action for general negligence and premises

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 25-02020-KS                                                                  Date: June 27, 2025

Title       <u>Silvia Patricia Hercules v. Costco Wholesale Corporation, et al.</u>

liability. (*Id.* at 7-8.) Plaintiff also alleged that Defendant Joanna Diaz was an agent and employee of Costco acting within the scope of that agency. (*Id.* at 8.) Subsequent email correspondences between opposing counsel indicate that Diaz was named as a defendant because Plaintiff's counsel believed "that she was the manager on duty at the time of the subject incident." (Dkt. No. 5-2 at 32, 34 (Mot., Ex. 5).)

On January 3, 2024, Defendant Costco filed an answer to the complaint in state court. (Dkt. No. 1-3.) On January 12, 2024, Defendant Diaz also filed an answer. (Dkt. No. 1-5.)

On March 1, 2025, counsel for Defendants stated in email correspondence to Plaintiff's counsel that Ms. Diaz "was not working at time of incident and needs to be dismissed." (Dkt. No. 5-2 at 33-34 (Mot., Ex. 5).) After Plaintiff's counsel inquired further, on March 2, 2025, Defendants' counsel indicated via email that "Hugo Rios was the manager." (*Id.* at 31.)

Two days later, on March 4, 2025, Plaintiff filed a request to voluntarily dismiss Joanna Diaz from the case. (Dkt. No. 1-6.) On March 6, 2025, the Superior Court processed Plaintiff's dismissal request. (Dkt. No. 1-7.)

### B.  Proceedings of March 7, 2025

On March 7, 2025, Defendant Costco removed the case to federal court and initiated the pending action. (Dkt. No. 1.) The Notice of Removal included the following records: (1) the Complaint and Summons for Costco (Ex. A); (2) Costco's Answer (Ex. B); (3) the Complaint and Summons for Joanna Diaz (Ex. C); (4) Joanna Diaz's Answer (Ex. D); (5) Plaintiff's request for dismissal of Diaz (Ex. E); (6) the Superior Court's processing of the request for dismissal of Diaz (Ex. F); (7) Plaintiff's March 28, 2024 responses to form interrogatories (Ex. G); and (8) Plaintiff's March 28, 2024 responses to request for admissions, set one (Ex. H). (Dkt. Nos. 1-1 – 1-9.)

On the same date at the removal – March 7, 2025 – at 4:04 p.m., Plaintiff filed an amendment to the complaint in the California Superior Court adding Hugo Rios as a defendant in that proceeding. (Dkt. No. 5-2 at 22 (Mot., Ex. 4).) At an unspecified time and date, the Superior Court approved and filed the amendment. (*Id.*) That amendment was not in the record transmitted to this Court with the Notice of Removal. (Dkt. No. 1.)

### C.  Federal Court Proceedings

On April 4, 2025, after the period to decline consent passed with no declinations having been filed, this matter was assigned to Chief Magistrate Judge Stevenson for all purposes. (Dkt. No. 6.) On April 17, 2025, Defendant Costco Wholesale Corporation filed an Opposition to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 25-02020-KS                                                                 Date: June 27, 2025

Title         <u>Silvia Patricia Hercules v. Costco Wholesale Corporation, et al.</u>

Motion.  (Dkt. No. 8.)  On April 22, 2025, Plaintiff filed a Reply.  (Dkt. No. 9.)  On May 14, 2025, after no appearances were entered for the hearing on the Motion, the Court took the matter under submission.  (Dkt. No. 10.)

### THE MOTION

In the Motion, Plaintiff argues that Hugo Rios, like Plaintiff, is a Californian resident, "was Defendant Costco's store manager/employee at the material time of the incident," and that "[w]ith Defendant Hugo Rios as a properly named Defendant, there is not complete diversity of citizenship between Plaintiff, a California resident and Defendant Hugo Rios, a California resident."  (Dkt. No. 5 at 3.)  Plaintiff further argues that the amount in controversy fails to satisfy the $75,000 minimum threshold for diversity jurisdiction.  (*Id.* at 10-11.)  Plaintiff requests that the Court grant the Motion and order this action remanded to the state court.  (*Id.* at 11.)

The Motion is accompanied by the Declaration of Plaintiff's counsel, Robert L. Booker, and five exhibits: (1) the Complaint (filed April 13, 2022); (2) the December 11, 2023 proof of service on Defendant Costco; (3) the proof of service on former Defendant Diaz; (4) the March 7, 2025 amendment joining Hugo Rios as a defendant in the state superior court action; and (5) counsels' meet and confer email correspondences of March 1, 2, 11, and 26, 2025, including those emails referenced above.  (Dkt. Nos. 5-1, 5-2.)

### THE OPPOSITION

In response, Defendant Costco argues that the Motion should be denied for three reasons: (a) "Plaintiff's responses to Costco's Form Interrogatories, Set One, and Request for Admissions, Set One, confirm that Plaintiff suffered actual damages in excess of $75,000 for special and general compensatory damages"; (b) "Plaintiff filed her Doe Amendment to add Hugo Rios to the Complaint after Costco moved to remove this matter on March 7, 2025; thus, at the time the removal petition was filed, there was complete diversity between plaintiffs and defendants in a lawsuit"; and (c) Rios is a "sham" defendant and "California case law is clear that Plaintiff's attempts to name a manager as a defendant personally for breach of duties owed by Costco alone lack merit."  (Dkt. No. 8 at 3-9.)

### THE REPLY

In the Reply, Plaintiff largely reiterates her arguments that diversity of citizenship has been defeated by the inclusion of Rios in this suit and that Defendant Costco has not established the requisite $75,000 amount in controversy.  (Dkt. No. 9.)  Plaintiff also argues that diversity of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 25-02020-KS                                                                 Date: June 27, 2025

Title       <u>Silvia Patricia Hercules v. Costco Wholesale Corporation, et al.</u>

citizenship was present at "all material stages" and that "Hugo Rios was included as a defendant during the course of this motion."  (*Id.* at 2.)

## LEGAL STANDARD

A civil action brought in state court may be removed by the defendant to the federal court "embracing the place where such action is pending" so long as the federal court would have original jurisdiction over the action.  28 U.S.C. § 1441.  Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  The removing Defendant bears the burden of establishing removal jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006).

Under 28 U.S.C. § 1446, a defendant "desiring to remove any civil action from a State court" must file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  Promptly after filing a notice of removal, the defendant must give written notice to all adverse parties and file a copy of the notice with the clerk of the state court, after which "the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  As a result, "the operative complaint is the complaint standing in state court at the time of removal, unmodified by anything filed later in state court." *Khachatrvan v. Costco Wholesale Corp.*, No. 2:23-cv-10594-RGK-MAR, 2024 WL 923027, at *1 (C.D. Cal. Feb. 26, 2024) (*citing Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir. 2006)).

## ANALYSIS

**A. Diversity**

In this case, there is no dispute that Defendant Costco properly filed a notice of removal on March 7, 2025. (Dkt. No. 1.)  Therefore, anything filed in state court *after* the notice of removal "is disregarded, and the operative complaint at the time of removal" is the Complaint naming only Costco and the Doe Defendants.  *Khachatrvan*, 2024 WL 923027 at *1.  To the extent Plaintiff sought to amend her complaint in the state court to add Rios after the case was removed to federal court, that action "occurred after removal" and "does not constitute a proper amendment in this Court." *Id.* at *2.

The Court notes that, as outlined above, both Defendant Costco's notice of removal and Plaintiff's amendment to the state complaint to add Rios occurred on the same day, March 7, 2025.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 25-02020-KS                                                                       Date: June 27, 2025

Title         *Silvia Patricia Hercules v. Costco Wholesale Corporation, et al.*

(Dkt. No. 1; Dkt. No. 5-2 at 22.)  Because this Court's CM-ECF docketing system does not time stamp electronic filings, the Court is unable to definitively determine which document was filed first.  However, the attachments to the notice of removal do not include Plaintiff's amendment to add Rios.  (Dkt. No. 1.)  Consequently, the "operative complaint" in this Court does not name Rios as a defendant and Rios is not a party to this case.  *Khachatrvan*, 2024 WL 923027 at *1; *Williams*, 471 F.3d at 976-77.  The only parties to this action are, therefore, diverse; Plaintiff is a resident of Los Angeles, California, and that Defendant Costco is a citizen of the State of Washington within the meaning of Section 1332(c)(1) because it is a corporation with its principal place of business located in Issaquah, Washington.  (Dkt. No. 1 at 5-6; Dkt. No. 1-1 at 3; Dkt. No. 1-8 at 4; Dkt. No. 5 at 3; Dkt. No. 9 at 2.)

### B. Amount in Controversy

Plaintiff's argument – that Defendant Costco has not sufficiently established that the minimum diversity threshold has been met as to the amount in controversy – is unpersuasive.  Where, as here, it is not facially evident from the face of the Complaint that the controversy involves more than $75,000 (Dkt. No. 1-2), "the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Here, Defendant Costco points to Plaintiff's responses to Form Interrogatories, Set One, and Requests for Admission, Set One, to establish that the threshold amount has been satisfied for diversity jurisdiction.

Specifically, On March 28, 2024, Plaintiff served responses to Request for Admissions, Set One, wherein she admitted in response to Request No. 30 that her actual damages exceed the sum of $75,000.  (Dkt. No. 1-9 at 8.)  On March 28, 2024, Plaintiff served responses to Form Interrogatories, Set One, and in response to Interrogatory No. 6.4, Plaintiff listed her past medical expenses, which totaled $ 72,416.27. (Dkt. No. 1-8 at 10-12.)  Further, in response to Interrogatory No. 6.7, Plaintiff stated that her future medical expenses for C5-C6 adjacent level fusion surgery will cost approximately $250,000 to $295,000.  (*Id.* at 13.)  This evidence is sufficient to establish by a preponderance of the evidence that the amount in controversy as to Plaintiff's claims exceeds the jurisdictional amount of $75,000.  *Matheson*, 319 F.3d at 1090.

\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV 25-02020-KS                                                                Date: June 27, 2025

Title      *Silvia Patricia Hercules v. Costco Wholesale Corporation, et al.*

### C. Leave to Amend

Under the Federal Rules of Civil Procedure, "a party may amend its pleading once as a matter of course" 21 days after service of a responsive pleading or a motion under Rule 12(b), (e) or (f). Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, because Defendant Costco has filed an Answer, Plaintiff may no longer amend as a matter of course. (Dkt. Nos. 1, 1-3.) Consequently, Plaintiff may amend her pleading at this juncture only with opposing party's written consent or leave of court.

Plaintiff's Motion is **DENIED** without prejudice to Plaintiff bringing a properly noticed motion for leave to amend the complaint to join Mr. Rios as a defendant in this case.

                                                                                        Initials of Preparer      gr